# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

NATIONAL STUDENT LEGAL DEFENSE
NETWORK,

    1015 15th St NW, Ste 600
    Washington, D.C. 20005

        Plaintiff,

       v.

UNITED STATES DEPARTMENT
OF EDUCATION,

    400 Maryland Ave, SW
    Washington, D.C. 20202

        Defendant.

Civil Action No. _____

## COMPLAINT

1.    Plaintiff National Student Legal Defense Network ("NSLDN") brings this action against the United States Department of Education ("ED" or "Department") under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3.    Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e) because Plaintiff NSLDN resides in and has its principal place of business in this District.

**PARTIES**

4. NSLDN is a nonpartisan, non-profit organization incorporated in the District of Columbia. NSLDN's mission is to work, through a variety of means, to advance students' rights to educational opportunity and to ensure that higher education provides a launching point for economic mobility. To further its mission, NSLDN gathers information, including through responses to FOIA requests submitted to government agencies, in order to inform the public via, *inter alia*, its website, social media, press releases and other comments to the media, and regulatory comments to government agencies.

5. NSLDN has its principal place of business at 1015 15th Street NW, Suite 600, Washington, D.C., 20005, which is located within this District.

6. Defendant ED is a department of the executive branch of the United States government headquartered in Washington, D.C., and an agency of the United States within the meaning of 5 U.S.C. § 552(f)(1). ED, in its current form, was created by the Department of Education Organization Act of 1979, 20 U.S.C. § 3401 *et seq*. ED has possession, custody, and control of the records that NSLDN seeks to obtain and which ED is unlawfully failing to disclose.

**STATEMENT OF FACTS**

*The Statutory and Regulatory Framework*

7. Under Title IV of the Higher Education Act of 1965 (as amended), 20 U.S.C. §§ 1070 *et seq*. ("HEA"), an "institution of higher education" is defined, *inter alia*, as an institution that provides "an eligible program of training to prepare students for gainful employment in a recognized occupation." *See* 20 U.S.C. §§ 1002(a)(1)(A)-(B), 1002(b)(1)(A)(i), 1002(c)(1)(A). Section 481(b) of the HEA further defines an "eligible program" as one that "provides a program of training to prepare students for gainful employment in a recognized profession." 20 U.S.C. § 1088.

8. In 2014, the Department commenced a rulemaking to develop new regulations regarding Gainful Employment programs. A Final Rule was published in the Federal Register on October 31, 2014. *See* Program Integrity: Gainful Employment, 79 Fed. Reg. 64,890 (Oct. 31, 2014) (amending 34 C.F.R. §§ 600, 668). As part of the Rule's "accountability framework," the Department established a "debt-to-earnings (D/E) rates measure [(hereinafter the "D/E rates measure"] that [was to] be used to determine whether a GE program remains eligible for title IV, HEA program funds." 79 Fed. Reg. at 64,891.

9. The D/E rates measure "evaluates the amount of debt . . . students who completed a GE program incurred to attend that program in comparison to those same students' discretionary and annual earnings after completing the program." *Id.*

10. To pass the D/E rates measure, a Gainful Employment program "must have a discretionary income rate less than or equal to 20 percent or an annual earnings rate less than or equal to 8 percent." *Id.*; *see also* 34 C.F.R. § 668.403(c).

11. Under the regulation, "[a] GE program is 'failing' the D/E rates measure" if (1) "[i]ts discretionary income rate is greater than 30 percent or the income for the denominator of the rate (discretionary earnings) is negative or zero;" and (2) "[i]ts annual earnings rate is greater than 12 percent or the denominator of the rate (annual earnings) is zero." 34 C.F.R. § 668.403(c)(2).

12. An institution will be considered "in the zone" for purposes of the D/E rates measure if it is not a passing program and its (1) "[d]iscretionary income rate is greater than 20 percent but less than or equal to 30 percent;" or (2) its "[a]nnual earnings rate is greater than eight percent but less than or equal to 12 percent." 34 C.F.R. § 668.403(c)(3).

13. If a GE program at an institution is failing or in the zone under the D/E rates measure, such institution of higher education may file "an alternate earnings appeal" to request

recalculation of the program's most recent D/E rates. *See* 34 C.F.R. § 668.406(a). To do so, an institution must first file a Notice of Intent to appeal within fourteen days of the issuance of the final D/E rates. *Id.* § 668.406(e).

14. Any program that fails the D/E rates measure two out of three consecutive years, or receives a combination of failing or in the zone determinations over four consecutive years, will lose eligibility to receive Title IV funds. *Id.* § 668.403(c)(4).

15. In 2016, the United States Court of Appeals for the District of Columbia upheld the 2014 Gainful Employment Rule, including the D/E rates measure, as reasonable. *Ass'n of Private Sector Coll. & Univ. v. Duncan, et al.*, 640 Fed. App'x 5, 8 (D.C. Cir. 2016).

***The Department's Release of the 2015 D/E Rates Measures & Extension of the Time to Submit Appeals***

16. On January 9, 2017, the Department released the first year of final D/E rates under the 2014 Gainful Employment Rule. *See* Press Release, U.S. Dep't of Educ., "Education Department Releases Final Debt-to-Earnings Rates for Gainful Employment Programs" (Jan. 9, 2017), *available at:* https://www.ed.gov/news/press-releases/education-department/releases-final-debt-earnings-rates-gainful-employment-programs.

17. As noted above, an institution seeking to file an alternative earnings appeal must "[n]otify the Secretary of its intent to submit an appeal . . . no later than 14 days after the date the Secretary" informs the institution of the final D/E rates. 34 C.F.R. § 668.406(e).

18. The deadline to submit Notices of Intent to appeal the final D/E rates issued on January 9, 2017 was on or before Monday, January 23, 2017.

19. On March 6, 2017, the Department extended the deadline for programs to file their final appeal documentation to July 1, 2017. *See* Lynn Mahaffie, Acting Assistant Secretary for Postsecondary Education, U.S. Dep't of Educ., "Gainful Employment Electronic Announcement

4

#105 - Additional Time for Submission of an Alternate Earnings Appeal and to Comply with Gainful Employment (GE) Disclosure Requirements" (Mar. 6, 2017), https://ifap.ed.gov/eannouncements/030617GEAnnounce105AddtlSubTimeAEAandGEDisReq.html.

20.     On July 5, 2017, despite the clear language of 34 C.F.R. § 668.406(e), the Department announced that it would establish new deadlines for the submission of alternate earnings appeals, a decision that ED asserted was required in response to an Order issued in *American Association of Cosmetology Schools* v. *DeVos,* 258 F. Supp. 3d 50, (D.D.C. 2017).  *See* 82 Fed. Reg. 39,363 (Aug. 18, 2017).  On August 18, 2017, the Department published a notice in the Federal Register establishing October 6, 2017 as the new deadline for all programs to submit Notices of Intent to appeal and February 1, 2018 as the new deadline for all programs to file their alternate earnings appeals.  *Id.* at 39,362.

*NSLDN's FOIA Request*

21.     On March 5, 2018, NSLDN submitted a FOIA request to ED for information related to these alternate earnings appeals.  A true and correct copy of that request (hereinafter the "FOIA Submission") is attached hereto as Exhibit 1.  The FOIA Submission sought:

   a. "All documents constituting notices of intent to file alternate earnings appeals submitted by institutions of higher education pursuant to 34 C.F.R. § 668.406" (hereinafter "Request 1");

   b. "All documents constituting alternate earnings appeals submitted by institutions of higher education pursuant to 34 C.F.R. § 668.406" (hereinafter "Request 2"); *and*

   c. "All documents constituting or reflecting communications with any institution of higher education regarding an alternate earnings appeal submitted under 34 C.F.R. § 668.406" (hereinafter "Request 3").

22. On March 8, 2018, ED acknowledged its receipt of the FOIA Submission, stated that it had "forwarded" the FOIA Submission to the Office of Federal Student Aid, and assigned tracking number 18-01229-F. ED also granted NSLDN's request for a fee waiver. A true and correct copy of that communication is attached hereto as Exhibit 2.

23. On April 5, 2018, NSLDN requested an update from the Department via email about the status of the FOIA Submission. Later that same day, NSLDN received a reply email from EDFOIAManager@ed.gov informing him that the search for responsive records to the FOIA Submission had not yet been completed. A true and correct copy of those communications are attached hereto as Exhibit 3.

24. On April 13, 2018, NSLDN received an email from the Department indicating that it had "some information to send" and requesting clarification on NSLDN's mailing address. NSLDN provided the mailing address that same day. A true and correct copy of those communications are attached hereto as Exhibit 4.

25. On April 13, 2018, NSLDN received a second email from the Department, attaching an interim response letter (hereinafter the "Interim Response"). A true and correct copy of those communications are attached hereto as Exhibit 5.

26. In response to Request 1, the Department provided a link to the Department's website, but did not provide any "documents constituting notices of intent."

27. As currently stated on that website (using the link provided in the Interim Response), the website was last updated on April 25, 2018. Even after that update, the website provided no "documents constituting notices of intent." Instead, the website provided access to general information on gainful employment, including links to several spreadsheets with information on

8,638 GE programs, including nearly 875 programs that had (presumably) filed notices of intent to appeal.

28.     The Department has not released any document constituting a Notice of Intent to file an alternate earnings appeal, as requested in Request 1.

29.     With respect to Request 2 and Request 3, the Interim Response stated that "the information is not available as the appeals are still being processed."

30.     On April 25, 2018, NSLDN sent an email to the Department attaching a follow-up letter regarding the Interim Response (hereinafter the "April 25 Letter"). A true and correct copy of those communications are attached hereto as Exhibit 6.

31.     The April 25 Letter noted that the link ED had provided in response to Request 1 "[did] not contain the information requested." The April 25 Letter also noted that ED had established a deadline of October 6, 2017—a date six months before NSLDN's FOIA Submission—for an institution to file a Notice of Intent to file an alternate earnings appeal.

32.     With respect to Requests 2 and 3, and the Department's assertion in the Interim Response that documents could not be provided because the appeals were "still being processed," the April 25 Letter clarified that nothing about NSLDN's Request required processing of an alternate earnings appeal. Rather, as stated in the FOIA Submission, NSLDN sought the alternate earnings appeals themselves and all communications regarding those appeals.

33.     Even assuming that Requests 2 and 3 required "process[ing]," a spreadsheet on the Department's website (using the link provided in the Interim Response) shows that—as of April 25, 2018—621 GE programs had already abandoned their appeals and an additional 66 programs' appeals had been approved by the Department.

34. The April 25 letter asked the Department to respond to the letter, as well as to provide the information sought by the FOIA Submission, no later than May 3, 2018.

35. On May 2, 2018, ED sent an email to NSLDN stating that the April 25 letter had been forwarded "to the Program Office" and that it would "update you with a status as soon as possible." A true and correct copy of that email is attached hereto as Exhibit 7.

36. As of the filing of this Complaint, NSLDN has not received a substantive response to the April 25 letter.

37. As of the filing of this Complaint, NSLDN has also not received a final response to its FOIA Submission.

*Exhaustion of Administrative Remedies*

38. ED has failed to (a) notify NSLDN of a final determination regarding the FOIA Submission, including the scope of any responsive records ED intends to produce or withhold and the reasons for any withholdings; or (b) produce the requested records or demonstrate that the requested records are lawfully exempt from production.

39. Through ED's failure to respond to the FOIA Submission within the time period required by law, NSLDN has constructively exhausted its administrative remedies and seeks judicial review.

**COUNT I**
**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Conduct Adequate Search for Responsive Records with respect to NSLDN's FOIA Submission**

40. NSLDN repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

41. Through the FOIA Submission, NSLDN properly requested records within the possession, custody, and control of ED.

42. ED is an agency subject to FOIA and it must, therefore, make reasonable efforts to search for requested records.

43. ED has failed to promptly review agency records for the purpose of locating those records that are responsive to the FOIA Submission.

44. ED's failure to conduct adequate searches for responsive records violates FOIA.

45. NSLDN is therefore entitled to declaratory and injunctive relief requiring ED to promptly make reasonable efforts to search for records responsive to the FOIA Submission.

## COUNT II
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Records with respect to NSLDN's FOIA Submission

46. NSLDN repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

47. Through the FOIA Submission, NSLDN properly requested records within the possession, custody, and control of ED.

48. ED is an agency subject to FOIA and must therefore release in response to a FOIA request any non-exempt records and provide a lawful reason for withholding any materials.

49. ED is wrongfully withholding non-exempt records requested by NSLDN by failing to produce records responsive to the FOIA Submission.

50. ED's failure to provide all non-exempt responsive records violates FOIA.

51. NSLDN is therefore entitled to declaratory and injunctive relief requiring ED to promptly produce all non-exempt records responsive to the FOIA Submission and provide an index justifying the withholding of any responsive records withheld under claim of exemption.

## REQUESTED RELIEF

WHEREFORE, NSLDN respectfully requests the Court to:

(1)     Order ED to conduct a search or searches reasonably calculated to uncover all records responsive to NSLDN's FOIA request;

(2)     Order ED to produce, by such date as the Court deems appropriate, any and all non-exempt records responsive to NSLDN's FOIA request and an index justifying the withholding of any responsive records withheld under claim of exemption;

(3)     Enjoin ED from continuing to withhold any and all non-exempt records responsive to NSLDN's FOIA request;

(4)     Award NSLDN attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); *and*

(5)     Grant NSLDN such other relief as the Court deems just and proper.

Respectfully Submitted,

/s *Martha U. Fulford*
Martha U. Fulford (D.C. Bar 1011954)
National Student Legal Defense Network
1015 15th Street N.W., Suite 600
Washington, D.C. 20005
martha@nsldn.org
(202) 734-7495

Dated:  May 23, 2018